UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERENCE JONES,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MELANIE R. CHEAIRS et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 2:23-cv-01730-LK<br><br>ORDER GRANTING MOTION TO EXTEND TIME FOR SERVICE |

　　　　This matter comes before the Court on a motion by Plaintiff Terence Jones to extend the time for him to serve Defendants. Dkt. No. 13. For the reasons set forth below, the Court grants the motion.

　　　　This is not Mr. Jones' first request for an extension. On July 1, 2024, the Court issued an order to show cause why the case should not be dismissed for failure to prosecute and failure to serve because he had not served Defendants within 90 days as required by Federal Rule of Civil Procedure 4(m). Dkt. No. 8 at 1–2. The Court ordered Mr. Jones to respond within 30 days of the order, *id.* at 2, making his response due by August 1, 2024. The Court received his response to the order to show cause on August 7, 2024, Dkt. No. 9 at 1, but accepted the late filing in light of Mr.

ORDER GRANTING MOTION TO EXTEND TIME FOR SERVICE - 1

1  Jones' pro se status, Dkt. No. 12 at 1. The Court considered Mr. Jones' request to extend the service

2  deadline due to his "economic status" and "health issues" and extended the deadline to September

3  20, 2024. *Id.* at 2. The Court also cautioned Mr. Jones that any further violations of the Court's

4  orders and/or rules could result in sanctions. *Id.* at 1.

5        The Court received Mr. Jones' motion for another extension of the service deadline on

6  September 25, 2024. Dkt. No. 13 at 8. Local Civil Rule 7(j) states,

7  > A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline. Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise.

Despite the requirements of that rule, Mr. Jones did not accomplish service or file his motion for an extension before the deadline. However, in light of his pro se status, the Court considers the late request, but again cautions Mr. Jones that any further violations of the Court's orders and/or rules could result in sanctions, up to and including dismissal.

      Turning to the substance of his motion, Mr. Jones requests additional time to serve Defendants, stating that he has been unable to do so "due to a lack of time and a lack of resources." Dkt. No. 13 at 2. Specifically, he contends that he has "been litigating the underlying lawsuit with absolutely no time to spare," and he has not received anticipated public assistance funds, which has disrupted his life and hampered his ability to accomplish service. *Id.*[1]

      The Court must extend the 90-day service period upon a showing of good cause and, absent such a showing, retains broad discretion to dismiss the action or extend the period for service. Fed. R. Civ. P. 4(m); *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001); *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). "[I]f good cause is not established, the district court may extend time

---

[1] Mr. Jones also notes that he will file a separate motion for appointment of counsel. *Id.* at 3.

ORDER GRANTING MOTION TO EXTEND TIME FOR SERVICE - 2

for service upon a showing of excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

Here, the Court finds good cause to extend the service deadline and GRANTS Mr. Jones' motion for an extension. Dkt. No. 13. By November 20, 2024, Mr. Jones must serve all Defendants and file proof of service with the Court. If he does not do so by November 20, 2024, the Court will dismiss this matter without prejudice. Because this is the second extension provided and the case has been pending for nearly a year without service, no further extensions will be granted.

Dated this 27th day of September, 2024.

*Lauren King*

Lauren King
United States District Judge