UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERENCE JONES,<br><br>               Plaintiff,<br>    v.<br><br>MELANIE R. CHEAIRS et al.,<br><br>              Defendants. | CASE NO. 2:23-cv-01730-LK<br><br>ORDER TO SHOW CAUSE |

    This matter comes before the Court on a motion by Plaintiff Terence Jones to extend the time for him to serve Defendants. Dkt. No. 15. However, because it does not appear that the Court has subject matter jurisdiction, it orders Mr. Jones to show cause why the case should not be dismissed on that basis.

    Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up). As the party asserting jurisdiction,

ORDER TO SHOW CAUSE - 1

Mr. Jones has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

District courts have original jurisdiction when the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). Whether the amount in controversy exceeds $75,000 is generally "determined from the face of the pleadings," and courts will defer to the amount "claimed by the plaintiff . . . so long as the claim is made in good faith." *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000); *accord Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015). Under this legal certainty standard, "a federal court has subject matter jurisdiction unless 'upon the face of the complaint, it is so obvious that the suit cannot involve the necessary amount.'" *Geographic Expeditions*, 599 F.3d at 1106 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

Mr. Jones' complaint states that this Court has jurisdiction based on diversity of the parties, and that he is "seeking damages greater than $75,000." Dkt. No. 5 at 3. However, the complaint does not provide any basis for that amount. Mr. Jones contends that Defendants posted his personal information in the docket in another lawsuit, and it took him over a year to get the documents sealed. *Id.* at 4.[1] The public filing of Mr. Jones' personal information, while no doubt troublesome to him, does not appear to justify $75,000 in damages.

---

[1] The complaint states that another "lawsuit is currently ongoing in Texas," *id.* at 3, but does not provide further details. The doctrine of claims splitting precludes Mr. Jones from seeking damages in this case for the same conduct he is alleging against Defendants in his Texas litigation. *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 886 (9th Cir. 2022) (noting that under the doctrine of claim-splitting, plaintiffs "generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant" (cleaned up)).

ORDER TO SHOW CAUSE - 2

1    Accordingly, within 21 days of the date of this Order, Mr. Jones is ORDERED to SHOW
2 CAUSE why this case should not be dismissed for lack of subject matter jurisdiction. Failure to
3 do so will result in dismissal without prejudice. *See* Fed. R. Civ. P. 12(h)(3).
4    Dated this 17th day of December, 2024.

*[signature]*

Lauren King
United States District Judge