UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERENCE JONES, | CASE NO. 2:23-cv-01730-LK |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION FOR EXTENSION OF TIME; DENYING MOTION TO SERVE BY ALTERNATE MEANS |
| MELANIE R. CHEAIRS et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Terence Jones' Response to Order to Show Cause and Request for an Extension of Time to serve Defendants, Dkt. No. 25, and his Motion to Have Defendants Served by Alternative Means, Dkt. No. 26.[1] For the reasons set forth below, the Court grants the motion for an extension of time to respond to the order to show cause and serve Defendants, and denies the motion for service by alternate means.

---

[1] Mr. Jones filed his motion for alternate service ex-parte sealed, *id.* at 1, but the Court denied his request to file that motion under seal for lack of good cause under Local Civil Rule 5(g), Dkt. No. 28.

ORDER GRANTING MOTION FOR EXTENSION OF TIME; DENYING MOTION TO SERVE BY ALTERNATE MEANS - 1

## I. BACKGROUND

Mr. Jones has sought and the Court has granted him several extensions to serve Defendants. On July 1, 2024, the Court issued an order to show cause why the case should not be dismissed for failure to prosecute and failure to serve because he had not served Defendants within 90 days as required by Federal Rule of Civil Procedure 4(m). Dkt. No. 8 at 1–2. After Mr. Jones belatedly responded and requested additional time, the Court extended the service deadline to September 20, 2024. Dkt. No. 12 at 2. Mr. Jones moved for another extension of the service deadline on September 25, 2024. Dkt. No. 13. The Court granted that motion and ordered him to serve Defendants and file proof of service with the Court by November 20, 2024. Dkt. No. 14 at 3. The Court also ordered Mr. Jones to show cause why the case should not be dismissed for lack of subject matter jurisdiction because the complaint did not show that the amount in controversy was met. Dkt. No. 19 at 2. Mr. Jones partially responded to the order to show cause but also sought additional time to file a more complete response and to amend his complaint to augment his jurisdictional allegations. Dkt. No. 22 at 2. The Court extended the deadline to February 28, 2025 to serve and respond to the order to show cause. Dkt. No. 23.

On February 28, 2025, Mr. Jones filed these two motions. Dkt. Nos. 25, 26. Defendants have not responded to either motion. Two of the Defendants have filed a motion for judgment on the pleadings, Dkt. No. 37, which will be addressed by separate order once the Court is satisfied that it has subject matter jurisdiction.

## II. DISCUSSION

**A.    The Court Grants the Motion for an Extension**

The Court must extend the 90-day service period upon a showing of good cause and, absent such a showing, retains broad discretion to dismiss the action or extend the period for service. Fed. R. Civ. P. 4(m); *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). "[I]f good cause is not

established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

Mr. Jones states that he has "been delayed in filing the amendment or supplement" to his complaint "due to addressing issues in the Texas courts regarding the underlying state case and the lingering issues stated in the previous motion for an extension of time in regards to the death in the family." Dkt. No. 25 at 2. He further avers that he has been "working on the issue of serving the defendants in this case," *id.*, an assertion supported by the affidavits of service he has filed, Dkt. Nos. 30–35.

Based on Mr. Jones' representations, the Court grants Mr. Jones leave to amend his complaint to bolster his jurisdictional allegations and finds good cause to extend the deadline to serve the remaining Defendants and respond to the Court's order to show cause. Within 30 days of this Order, Mr. Jones must (1) file an amended complaint, or otherwise respond to the order to show cause,[2] and (2) either serve all remaining Defendants with the original complaint (or the amended complaint if he files one) or request that Defendants waive service under Federal Rule of Civil Procedure 4(d) and file proof of service or that waivers were requested. Absent the filing of an amended complaint, the Court will evaluate whether it has subject matter jurisdiction based on the current record.

B.   **The Court Denies the Motion for Alternate Service**

Mr. Jones seeks permission to have Defendants served by alternate means, including by following the law where service is made or by a United States Marshal. Dkt. No. 26 at 2. His request to serve Defendants according to the law of the state where service is accomplished is

---

[2] If Mr. Jones files an amended complaint, he must indicate on the amended complaint how it differs from the original complaint "by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added" as required by Local Civil Rule 15(a). An amended complaint supersedes the original complaint, so an amended complaint "must not incorporate by reference any part of the preceding pleading, including exhibits." LCR 15(a).

ORDER GRANTING MOTION FOR EXTENSION OF TIME; DENYING MOTION TO SERVE BY ALTERNATE MEANS - 3

1  denied as moot because the Federal Rules of Civil Procedure already allow it. Fed. R. Civ. P.
2  4(e)(1). The Court may authorize alternative means of service in Washington and Texas, where
3  Defendants are located, Dkt. No. 5 at 2; *see also, e.g.*, Wash. Rev. Code 4.28.100; Tex. R. Civ. P.
4  106(b)(2), but Mr. Jones has not shown that alternate service is justified under either state's
5  processes.

6  Under Federal Rule of Civil Procedure 4(c)(3), "[a]t the plaintiff's request, the court may
7  order that service be made by a United States marshal or deputy marshal or by a person specially
8  appointed by the court." The Court is obligated to order such service if the plaintiff is "authorized
9  to proceed in forma pauperis under 28 U.S.C. § 1915" as Mr. Jones is here. *Id.*; *see also* Dkt. No.
10 4.[3] However, the Court is not obligated to grant the request if Defendants were already served with
11 process. *Jamshidy v. Oruzgami*, No. 2:25-cv-00273 DJC CKD (PS), 2025 WL 894602, at *1 (E.D.
12 Cal. Mar. 24, 2025). Nor is the Court required to order service if subject matter jurisdiction is
13 lacking. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter
14 jurisdiction, the court must dismiss the action."); *see also Robinson v. Butte Cnty.*, No. 2:21-CV-
15 1845-TLN-DMC, 2021 WL 5240285, at *1 (E.D. Cal. Oct. 13, 2021) (considering the existence
16 of subject matter jurisdiction as a "threshold matter" before deciding whether to order the Marshals
17 to serve).

18  Here, an order requiring the Marshals to serve the current complaint would be premature
19 for several reasons. First, Mr. Jones has not yet fully responded to the Court's order to show cause
20 why it should not dismiss for lack of subject matter jurisdiction, Dkt. No. 19, and he seeks an
21 extension to do so as set forth above. Second, he intends to amend his complaint, Dkt. No. 22 at
22 3, and it makes little sense to have the Marshals serve an obsolete complaint. Third, Mr. Jones has

---

[3] Local Civil Rule 4(c) relieves the Marshals Service "from any and all civil process serving responsibilities within this district on behalf of private litigants" unless ordered by the Court or pursuant to an express statutory provision.

ORDER GRANTING MOTION FOR EXTENSION OF TIME; DENYING MOTION TO SERVE BY ALTERNATE MEANS - 4

served some Defendants and may have already served the rest, potentially rendering a service order unnecessary. Dkt. No. 26 at 2; Dkt. Nos. 30–35. Fourth, "before requesting service by a marshal, the plaintiff should first attempt to make service by some other means provided for in the rule; only when this proves unfeasible should the plaintiff request that the district court direct a marshal to serve the summons and complaint." Wright & Miller, 4A Fed. Prac. & Proc. Civ. § 1090 (4th ed.); *id.* & n.3 (noting that plaintiff should first request that defendants waive service to reduce the burden on the Marshals).[4] Mr. Jones does not state whether he has sought waivers of service from Defendants. Fed. R. Civ. P. 4(d). Accordingly, the Court denies the motion for service by alternate means without prejudice, meaning that Mr. Jones can renew his request if he is still unable to serve some of the Defendants and they decline to waive service. Any such renewed request must specifically state which Defendants have been served and which ones have not.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Mr. Jones' Request for an Extension of Time to serve Defendants and respond to the order to show cause, Dkt. No. 25, and DENIES without prejudice his Motion to Have Defendants Served by Alternative Means, Dkt. No. 26.

Dated this 7th day of April, 2025.

Lauren King
United States District Judge

---

[4] The waiver of service form can be found here: https://www.uscourts.gov/sites/default/files/ao399.pdf.

ORDER GRANTING MOTION FOR EXTENSION OF TIME; DENYING MOTION TO SERVE BY ALTERNATE MEANS - 5