UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERENCE JONES,<br><br>                Plaintiff,<br>  v.<br><br>MELANIE R. CHEAIRS et al.,<br><br>                Defendants. | CASE NO. 2:23-cv-01730-LK<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS |

This matter comes before the Court on the Court's order to show cause regarding subject matter jurisdiction, Dkt. No. 19, and on a motion for judgment on the pleadings filed by two of the Defendants in this matter, Nova Casualty Company and The Hanover Insurance Company, Dkt. No. 37. For the reasons set forth below, the Court discharges its order to show cause and grants the motion for judgment on the pleadings.

**I. BACKGROUND**

Plaintiff Terence Jones filed his pro se complaint in November 2023. Dkt. No. 1. He has named numerous Defendants, including Nova Casualty Company ("Nova") and The Hanover

Insurance Company ("Hanover"). Dkt. No. 5 at 2–3. He alleges that Defendants "Richard Pickard, Best Storage Center, Mikayla's and related persons auctioned, sold, converted, or otherwise disposed of [his] storage contents without permission or authority to do so." *Id.* at 3. Mr. Jones filed a lawsuit in Texas about that conduct, *id.*, and Nova and Hanover (collectively, the "insurers") retained counsel to defend their insured, the storage facility, Dkt. No. 17 at 4; Dkt. No. 18 at 4.

Mr. Jones alleges that during the course of that litigation, Defendants Cheairs and Fulkerson, both attorneys, "post[ed his] sensitive information, including [his] social security number and other private and identifying information unredacted, on the court's website six times without the authority or permission to do so in clear violation" of state and federal privacy laws. Dkt. No. 5 at 4. In addition, Defendant Novak filed a document with the appeals court with Mr. Jones's sensitive information unredacted. *Id.* at 5. As a result, Mr. Jones has placed "credit bureau freezes and alerts," and has

> suffered substantial injuries such as mental anguish, anxiety, and other health issues which led to further issues from damaging side effects of prescribed meds such as blurred vision, sleep/wake issues, concentration issues, and other pain and suffering resulting in loss of time, loss of resources, loss of enjoyment of life, related expenses, and a severe disruption in [his] capacity to address important and time-sensitive issues such as the underlying lawsuit.

*Id.* at 6. He seeks "economic and noneconomic damages, actual damages, compensatory damages, punitive and exemplary damages where applicable," and statutory damages as well as other categories of damages. *Id.* at 11. He asserts claims for invasion of privacy; fraud; intentional and negligent infliction of emotional distress; failure to hire, train, inform, and supervise; identity theft; harassment; threats/coercion; conspiracy/collusion; aiding and abetting; violation of consumer protection and deceptive trade acts; and "Unconscionable/Outrageous." *Id.* at 7–10.

On December 17, 2024, the Court ordered Mr. Jones to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction because, although the complaint

ORDER DISCHARGING ORDER TO SHOW CAUSE AND GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS - 2

alleged jurisdiction based on diversity, it did not provide any basis for asserting that the $75,000 amount in controversy was met. Dkt. No. 19 at 2. Mr. Jones responded to the order to show cause but also sought additional time to file a more complete response and to amend his complaint to augment his jurisdictional allegations. Dkt. No. 22 at 2–3. At Mr. Jones's requests, the Court granted him two extensions to further respond to the order to show cause. Dkt. Nos. 23, 38. In the most recent such order on April 7, 2025, the Court granted the request for an extension and ordered Mr. Jones to file his amended complaint within 30 days; otherwise, the Court would evaluate whether it has subject matter jurisdiction based on the current record. Dkt. No. 38 at 3. Mr. Jones has not filed an amended complaint, so as promised, the Court considers its jurisdiction based on the current complaint. Dkt. No. 1.

## II.   DISCUSSION

The Court first addresses whether it has subject matter jurisdiction, and, finding that it does, turns to the insurers' motion for judgment on the pleadings.

**A.    Subject Matter Jurisdiction**

District courts have original jurisdiction when the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). For purposes of determining the amount in controversy in a diversity action, "[t]he sum claimed by the plaintiff controls so long as the claim is made in good faith." *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). However, dismissal is warranted if it appears to a "legal certainty" that the claim is actually for less than the jurisdictional amount. *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986); *see also Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (under the legal certainty test, "a federal court has subject matter jurisdiction unless upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount" (citation and internal quotation marks omitted)). The

1  "party asserting federal jurisdiction bears the burden of proving the case is properly in federal
2  court." *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001).

3      Mr. Jones' claim is apparently made in good faith, as supported by his response to the order
4  to show cause. Dkt. No. 22. Accordingly, the Court cannot conclude to a legal certainty that the
5  amount in controversy does not meet the jurisdictional threshold, and it thus discharges its order
6  to show cause. Dkt. No. 19.

7  **B.    Motion for Judgment on the Pleadings**

8      1.  <u>Legal Standard</u>

9      "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6)
10 because, under both rules, a court must determine whether the facts alleged in the complaint, taken
11 as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th
12 Cir. 2012) (cleaned up). Therefore, unlike with motions for summary judgment where the entire
13 evidentiary record is considered, when reviewing motions for judgment on the pleadings, the Court
14 considers only (1) the pleadings, (2) documents incorporated by reference into the complaint, and
15 (3) matters of judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The
16 Court "accept[s] all factual allegations in the [relevant pleading] as true and construe[s] them in
17 the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir.
18 2009).

19     2.  <u>The Court Grants the Motion for Judgment on the Pleadings</u>

20     The insurers argue that they are entitled to judgment on the pleadings because "there are
21 no set of facts Plaintiff can plead under which recovery is possible." Dkt. No. 37 at 1–2. Mr. Jones
22 has not opposed the motion, which the Court construes as an admission that the motion has merit.
23 LCR 7(b)(2).

24

With the exception of his aiding and abetting claim, Mr. Jones alleges all of his claims generally against all Defendants without specifying what the insurers allegedly did wrong. Dkt. No. 5 at 7–10. This type of general pleading is insufficient. "In a case against multiple defendants, the complaint must allege specifically what each defendant did wrong, rather than asserting general allegations against the defendants as a group." *Seagraves v. Dep't of Children Youth & Families*, No. 3:24-cv-05081-TMC, 2024 WL 4253192, at *3 (W.D. Wash. Sept. 20, 2024).

Mr. Jones' aiding and abetting claim is not meaningfully more specific. He alleges that the insurers "aided and abetted the attorneys in the underlying lawsuit by their acts and omissions that should have, and could have, prevented or mitigated the disclosure of [his] information, claims, and damages as stated herein." Dkt. No. 5 at 10. He claims that in this way, the insurers are "vicariously liable" for the acts of the attorneys in the underlying suit. *Id.* The insurers contend that "[n]owhere does Plaintiff allege that the [insurers] employ the attorney defendants and/or that they control, or had the right to control, the actions of the attorney defendants." Dkt. No. 37 at 3. They move for judgment on the pleadings for "two reasons: (1) Plaintiff fails to plead facts to show an employer-employee relationship existed between [the insurers] and attorney defendants; and (2) an insurer is generally not vicariously liable for the acts of defense attorneys." *Id.* at 4.

Mr. Jones' complaint does not allege how an aiding and abetting theory applies to any of his legal claims,[1] nor does he appear to assert that it is a standalone legal claim in this context. Indeed, Mr. Jones provide no facts to support his theory that the insurer Defendants aided and abetted the violations of others.

Nor does Mr. Jones provide any facts to support his vicarious liability theory, or elaborate on that theory. Dkt. No. 5 at 10 (alleging that "NOVA Casualty and Hanover aided and abetted the

---

[1] *See Nettles v. GTECH Corp.*, 606 S.W.3d 726, 738 (Tex. 2020) (recognizing that both "[a]iding and abetting and conspiracy are theories of derivative or vicarious liability").

ORDER DISCHARGING ORDER TO SHOW CAUSE AND GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS - 5

attorneys in the underlying lawsuit"). The Court agrees with the insurers that based on the scant allegations in the record—which include only that the insurers hired the attorneys to defend their client—Washington and Texas law foreclose a vicarious liability theory. *State Farm Mut. Auto. Ins. Co. v. Traver*, 980 S.W.2d 625, 627–28 (Tex. 1998) (where an attorney acts as an independent contractor and is not subject to the client's control regarding the day-to-day details of conducting the defense, "the insurer cannot be vicariously responsible for the lawyer's conduct"); *Evans v. Steinberg*, 699 P.2d 797, 798–99 (Wash. Ct. App. 1985) ("As the principal, [the insurer] is not liable for the acts of the defense attorneys who were acting as independent contractors."). Accordingly, the insurers are entitled to judgment on the pleadings.

C.    **Leave to Amend**

As with a Rule 12(b)(6) motion, dismissal based on a 12(c) motion without leave to amend "is appropriate only when the Court is satisfied that an amendment could not cure the deficiency." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131, 1135 (9th Cir. 2012). Rule 15(a)(2) directs district courts to "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). As the language of the rule suggests, the standard for leave to amend is "very liberal." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). This is because "the underlying purpose of Rule 15" is "to facilitate [a] decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (cleaned up).

Still, courts can deny leave to amend if amendment would be futile. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). The insurers argue that amendment would be futile because "Plaintiff has not plead [sic], and there are no set of facts that would support, [the insurers'] right to control defense counsel's actions in this case." Dkt. No. 37 at 7. Moreover, Mr. Jones has not responded to this motion or explained what facts he would assert

ORDER DISCHARGING ORDER TO SHOW CAUSE AND GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS - 6

if granted leave to amend. As set forth above, liability against the insurers based on vicarious liability is foreclosed by Washington and Texas law, so the Court denies as futile leave to amend to reassert that theory. However, in keeping with the purpose of Rule 15, the Court will grant Mr. Jones an opportunity amend his other claims against the insurers.

### III.  CONCLUSION

For the foregoing reasons, the Court DISCHARGES its order to show cause, Dkt. No. 19, and GRANTS the motion for judgment on the pleadings filed by Defendants Nova Casualty Company and The Hanover Insurance Company, Dkt. No. 37, with leave to amend as set forth above. Mr. Jones' amended complaint, should he choose to file one, must provide a short and plain statement of the factual basis of his claim as required by Federal Rule of Civil Procedure 8. A timely filed amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the defendants, the claims asserted, the specific facts that Mr. Jones believes support each claim, and the specific relief requested. If Mr. Jones does not file a proper amended complaint by July 28, 2025, the Court will dismiss this action against Nova and Hanover with prejudice. Absent extraordinary circumstances, the Court will not grant any extension of time to file an amended complaint. This case, which was filed in November 2023, Dkt. No. 1, has been delayed by numerous extensions requested by Mr. Jones, Dkt. Nos. 12, 14, 23, 38, and the insurers understandably seek—and deserve—a timely resolution to the case. Fed. R. Civ. P. 1 (The Federal Rules of Civil Procedure should be construed to secure the "just, speedy, and inexpensive determination of every action and proceeding").

Dated this 7th day of July, 2025.

*Lauren King*
Lauren King
United States District Judge