1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10

| | |
|---|---|
| TERENCE JONES, | CASE NO. 2:23-cv-01730-LK |
| Plaintiff, | ORDER DISMISSING CASE |
| v. | |
| MELANIE R. CHEAIRS et al., | |
| Defendants. | |

This matter comes before the Court on its prior orders requiring Plaintiff Terence Jones to serve Defendants and file an amended complaint, Dkt. Nos. 38–39, 41, and on Mr. Jones' notice regarding the status of his compliance, Dkt. No. 42. For the reasons set forth below, the Court dismisses Mr. Jones' claims against Defendants Nova Casualty Company and The Hanover Insurance Company with prejudice, and dismisses his claims against the other Defendants without prejudice for failure to serve.

## I.    BACKGROUND

To say the least, this case has not proceeded expeditiously since Mr. Jones filed it nearly two years ago. Dkt. No. 1. Mr. Jones has sought, and the Court has granted, multiple extensions to

serve Defendants. On July 1, 2024, the Court issued an order to show cause why the case should not be dismissed for failure to prosecute and failure to serve because he had not served Defendants within 90 days as required by Federal Rule of Civil Procedure 4(m). Dkt. No. 8 at 1–2. After Mr. Jones belatedly responded and requested additional time, the Court extended the service deadline to September 20, 2024. Dkt. No. 12 at 2. Mr. Jones moved for another extension of the service deadline on September 25, 2024. Dkt. No. 13. The Court granted that motion and ordered him to serve Defendants and file proof of service with the Court by November 20, 2024. Dkt. No. 14 at 3. The Court also ordered Mr. Jones to show cause why the case should not be dismissed for lack of subject matter jurisdiction because the complaint did not show that the amount in controversy was met. Dkt. No. 19 at 2. Mr. Jones partially responded to the order to show cause but also sought additional time to file a more complete response and to amend his complaint to augment his jurisdictional allegations. Dkt. No. 22 at 2. The Court extended the deadline to February 28, 2025 to serve and respond to the order to show cause. Dkt. No. 23.

On February 28, 2025, Mr. Jones filed another motion for extension of time, Dkt. No. 25, and a motion to have Defendants served by alternate means, Dkt. No. 26. On April 7, 2025, the Court denied Mr. Jones' request to have the Marshals serve his complaint because (1) he had not yet fully responded to the Court's order to show cause why it should not dismiss for lack of subject matter jurisdiction; (2) he had stated that he intended to amend his complaint, and it would make little sense to have the Marshals serve an obsolete complaint; (3) his filings were unclear about whether he had already served some of the Defendants; and (4) he had not yet sought service waivers from Defendants. Dkt. No. 38 at 4–5; *see also* Wright & Miller, 4A Fed. Prac. & Proc. Civ. § 1090 & n.3 (4th ed.) (noting that before requesting service by a marshal, the plaintiff should first attempt service as provided by Rule 4 and request that defendants waive service to reduce the burden on the Marshals). The Court did grant Mr. Jones' motion for another extension of time to

1  effect service, though, and ordered him—within 30 days of the Order—to either serve all

2  remaining Defendants with the original complaint (or the amended complaint if he were to file

3  one) or request that Defendants waive service under Federal Rule of Civil Procedure 4(d) and file

4  either proof of service or of the waiver requests. *Id.* at 3.

5         Meanwhile, two of the Defendants— Nova Casualty Company and The Hanover Insurance

6  Company—filed a motion for judgment on the pleadings. Dkt. No. 37. The Court first evaluated

7  its subject matter jurisdiction and concluded that, based on Mr. Jones' response to its order to show

8  cause, Dkt. Nos. 19, 22, the Court could not "conclude to a legal certainty that the amount in

9  controversy [did] not meet the jurisdictional threshold" and thus "discharge[d] its order to show

10  cause" regarding jurisdiction. Dkt. No. 39 at 4. The Court also granted Nova and Hanover's motion

11  for judgment on the pleadings but granted Mr. Jones leave to amend, stating that if he did not file

12  an amended complaint by July 28, 2025, the Court would dismiss the action against Nova and

13  Hanover with prejudice. *Id.* at 7. Mr. Jones filed a motion to extend that deadline based on a death

14  in his family. Dkt. No. 40. The Court granted the motion and extended the deadline to file an

15  amended complaint to August 28, 2025. Dkt. No. 41. The Court noted that "it ha[d] already granted

16  Plaintiff three extensions of time in this case, Dkt. Nos. 14, 23, 38, spanning over one year. Absent

17  extraordinary circumstances, it will not grant additional extensions." *Id.* Still, Mr. Jones filed a

18  "Notice" that his amended complaint would be late because Defendants had filed a motion in his

19  Texas lawsuit and he had to "relocate temporarily" from his apartment, causing at least a one-week

20  delay. Dkt. No. 42 at 2.

21                              **II.   DISCUSSION**

22  **A.    The Court Dismisses the Claims Against Nova and Hanover with Prejudice**

23         Mr. Jones has not filed an amended complaint, despite the Court's warning that if he did

24  not do so by July 28, 2025, the Court would dismiss this action against Nova and Hanover with

prejudice. Dkt. No. 39 at 7. His Notice does not demonstrate extraordinary circumstances to warrant another extension. *See* Dkt. No. 41; *see also* Dkt. No. 42 at 2 (citing a one-week relocation delay, "doctors [sic] appointments," and unspecified "other issues as previously mentioned"). Accordingly, the Court dismisses Mr. Jones' claims against Nova and Hanover with prejudice.

**B.      The Court Dismisses the Claims Against the Remaining Defendants Without Prejudice for Failure to Serve**

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999); *see also Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). And when, as here, "a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The district court must extend the 90-day period upon a showing of good cause, *id.*; absent such a showing, retains broad discretion to dismiss the action or extend the period for service, *see In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). "[I]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

Here, more than 90 days have elapsed since Mr. Jones filed his complaint in November 2023. Dkt. No. 1. Although Mr. Jones has filed affidavits of service, Dkt. Nos. 30–35, he subsequently explained that he had served Defendants with an unfiled version of the complaint, *see* Dkt. No. 36 at 2. Despite acknowledging his obligation to serve Defendants with the filed complaint, *see id.*, Mr. Jones has not filed proof that he has properly served any of the Defendants.

The May 7, 2025 deadline to serve, *see* Dkt. No. 38 at 3, has long since passed. After numerous prior extensions, *see* Dkt. Nos. 12, 14, 23, 38, 40, there is no indication that Mr. Jones will properly serve Defendants if another extension is granted. In addition, the Court previously dismissed a nearly identical lawsuit based on Mr. Jones' failure to serve most of the same Defendants in that case. *See Jones v. Cheairs*, No. 2:22-cv-01636-TL, Dkt. No. 11 (W.D. Wash. July 10, 2023) (order dismissing case for failure to serve). Accordingly, the Court dismisses his claims against the other Defendants for failure to serve.

### III.  CONCLUSION

For the foregoing reasons, the Court DISMISSES Mr. Jones' claims against Defendants Nova Casualty Company and The Hanover Insurance Company with prejudice, and DISMISSES his claims against the other Defendants without prejudice. The Clerk is directed to close this case.

Dated this 3rd day of September, 2025.

Lauren King
United States District Judge